# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | | |
|---|---|---|---|
| STATE OF DELAWARE, | ) | | |
| | ) | | |
| v. | ) | ID No. | 2301012287 |
| | ) | | |
| ALISTAIR DIPASQUALE, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## <u>ORDER</u>

On this 22nd day of April, 2024, upon consideration of Defendant Alistair Dipasquale's ("Defendant") *pro se* Motion for Sentence Reduction made pursuant to Superior Court Rule of Criminal Procedure 35(b) (the "Motion"),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1. In this case, Defendant pled guilty to (1) Burglary in the First Degree; (2) Possession of a Firearm During the Commission of a Felony ("PFDCF"); and (3) Conspiracy in the Second Degree. On December 15, 2023, the Court sentenced him to: (1) Burglary in the First Degree, fifteen years of Level V supervision, suspended after ten years for six months of Level IV supervision, followed by two years of Level III supervision; (2) PFDCF, twenty-five years of Level V supervision, suspended after three years for two years of Level III supervision; and (3)

---

[1] D.I. 19. Defendant does not specifically cite to Rule 35(b), but he asks the Court to reduce the duration of the Level V portion of his sentence. The Motion includes the signature, name, and non-Delaware address and bar number of an attorney. The Court contacted this attorney to resolve the state law licensure discrepancy but received no response. Accordingly, the Court interprets the Motion to be made by Defendant *pro se*.

Conspiracy in the Second Degree, two years of Level V supervision, suspended for one year of Level III supervision.[2]

2. On January 23, 2024, Defendant filed the instant Motion, in which he asks the Court to modify his sentence to five years of Level III supervision. There, Defendant names four grounds for relief that he states will be argued "ore tenus," by word of mouth: (1) ineffective assistance of counsel; (2) insufficient evidence; (3) violation of the Delaware Lawyers' Rules of Professional Conduct;[3] and (4) violations of the Fourth, Fifth, Sixth, Eighth, and Thirteenth Amendments.[4]

3. Rule 35(b) provides that the Court can "reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed." A timely, non-repetitive Rule 35(b) motion is "essentially a 'plea for leniency.'"[5] If a defendant's motion for sentence reduction satisfies these procedural requirements, the Court has "broad discretion to decide if it should alter its judgment."[6] "A motion for reduction of sentence will be considered without presentation, hearing or argument unless

---

[2] D.I. 18.

[3] Defendant's third ground for sentence reduction in the Motion is an alleged "violation of Delaware Bar of Ethics." Given the context of Defendant's other ground of ineffective assistance of counsel, the Court interprets this third ground to refer to the Delaware Lawyers' Rules of Professional Conduct. D.I. 19.

[4] D.I. 19; *see Johnson v. Brooks*, 1987 WL 19725, at *5 (Del. Super. Oct. 26, 1987) ("In a civil action a party has the right to cross-examine witnesses against him whether the evidence is given *ore tenus* [by word of mouth] or by deposition.").

[5] *State v. Panaro*, 2022 WL 4362929, at *1 (Del. Super. Sept. 20, 2022) (quoting *State v. Lewis*, 797 A.2d 1198, 1201 (Del. 2002)).

[6] *State v. Cruz*, 2015 WL 3429939, at *2 (Del. Super. May 26, 2015).

otherwise ordered by the court."[7] Defendant's Motion was made less than ninety days after he was sentenced and is his first motion to reduce that sentence, so it is timely and non-repetitive. That said, Defendant has failed to present any factual detail or legal rationale to justify scheduling a hearing on the reduction of his sentence.

4. With the procedural requirements satisfied, Defendant bears the burden to establish just cause for sentence reduction.[8] He has failed to satisfy that burden. The Motion lists by name alone the alleged grounds for sentence reduction but is bereft of any facts or arguments in support of sentence reduction.[9]

5. After reviewing the Motion, sentence, and record in this case, the Court finds no just cause for sentence reduction. Defendant's sentence is appropriate for all the reasons stated at the time of sentencing. Hence, Defendant's Motion is **DENIED.**

**IT IS SO ORDERED.**

Sheldon K. Rennie, Judge

---

[7] Super. Ct. Crim. R. 35(b).
[8] *State v. Smith*, 2021 WL 416394, at *3 (Del. Super. Feb. 8, 2021).
[9] Further, a Rule 35(b) motion for sentence reduction is not the proper form for an allegation of ineffective assistance of counsel. Rather, ineffective assistance of counsel allegations fall within the scope of Rule 61. *See* Super. Ct. Crim. R. 61(e)(4).